STATE OF NORTH CAROLINA v. LARRY LITTLE

No. 7118SC609

(Filed 15 December 1971)

**Criminal Law § 66— photographic and in-court identification**

  Pretrial photographic procedure was not unnecessarily suggestive, and robbery victim's in-court identification of defendant was properly admitted in evidence.

APPEAL by defendant from *Kivett, Judge,* 3 May 1971 Session of Superior Court held in GUILFORD County.

Defendant was charged in a bill of indictment, proper in form, with the felony of robbery with the use of a dangerous weapon whereby the life of Anderson J. Parson was endangered or threatened. (G.S. 14-87).

State's evidence tends to show the following. On 3 January 1971, Anderson J. Parson (Parson) was employed to operate the B & B Poolroom on Powell Street in Greensboro, North Carolina. Defendant had been a customer of the poolroom for several months and was known to Parson by sight but not by name. When Parson closed for the day on 3 January 1971, he went to the Frank House for a couple of sandwiches. Parson saw defendant at the Frank House that evening. When Parson left the Frank House with the sandwiches, he went back to the B & B Poolroom to get some ale to carry home. As Parson was preparing to leave the poolroom, he was attacked by defendant and several unknown assailants. While his arms were pinned behind him, he was choked into unconsciousness with something which "felt like a piece of belt or rope." Defendant was standing in front of Parson striking him in the face with his fists. Defendant and the other assailants took $85.00 or $86.00 from Parson's pocket. Parson was hospitalized for several days.

Defendant's evidence tended to show the following. On the night in question he rode with several others to visit a friend in Lumberton, North Carolina. They visited the friend for a short time; then they rode to Clinton, North Carolina, for breakfast and a visit before returning to Greensboro. Defendant testified that he had been to the B & B Poolroom and had seen Parson working there, but that he had nothing to do with the robbery.

The jury returned a verdict of guilty as charged, and judgment of confinement for a period of not less than twelve nor more than sixteen years was entered. Defendant appealed.

*Attorney General Morgan, by Associate Attorney Lloyd, for the State.*

*Assistant Public Defender Shepherd for the defendant.*

BROCK, Judge.

Defendant argues that the trial judge committed error in allowing the victim's testimony which identified defendant as one of the assailants in the poolroom. Twenty-three pages of the record are devoted to an extensive *voir dire* conducted upon defendant's objection to the testimony. It clearly appears that the purpose of viewing the photographs in this case was merely to supply the police with defendant's name. Parson, the victim, knew defendant by sight but did not know his name. In any event, evidence on *voir dire* clearly refutes any indication of a suggestive procedure by the police. We hold that the trial judge was correct in admitting the evidence.

The Assistant Public Defender has tenaciously preserved numerous assignments of error to the admission of evidence and to the Court's instructions to the jury. However, in our view, no new or unusual legal question is raised and a seriatim discussion would serve no useful purpose. We have carefully reviewed all of defendant's assignments of error and find them to be without merit. In our opinion defendant received a full and fair trial, free from prejudicial error.

No error.

Judges BRITT and VAUGHN concur.